IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| C.B. | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | FILE NO.: _____ |
| NASEEB INVESTMENTS, INC. | : | |
| d/b/a THE HILLTOP INN a/k/a | : | |
| ECONOLODGE | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
AND LEAVE TO PROCEED VIA INITIALS WITH BRIEF IN SUPPORT**

Matthew B. Stoddard
Janelle E. Zabresky
THE STODDARD FIRM
1534 N Decatur Road
Atlanta, GA 30307
P: 470-467-2200
F: 470-467-1300
matt@legalhelpga.com
janelle@legalhelpga.com

***Attorneys for Plaintiff***

## INTRODUCTION

Plaintiff requests permission to bring this action anonymously and for Defendant to be ordered to keep Plaintiff's identity confidential throughout the discovery process and until the Court further addresses the issue with the benefit of a full record.  Regardless of the outcome of this motion, Plaintiff C.B. agrees to disclose her name to the Defendant.

## FACTS

Plaintiff is a victim of sex trafficking.  She was trafficked at the Hilltop Inn (owned by Defendant) in June of 2010.  The trafficker – Tim Chappell – pled guilty to trafficking C.B., and he is currently serving time in prison.  The authorities who prosecuted Chappell (the FBI and US Attorneys office) have kept C.B.'s name confidential.

Given the intimate and private nature of the information C.B. must disclose over the course of this case, and based on advice of her counsel, C.B. does not wish to be publicly identified as a sex trafficking victim.

## ARGUMENT

While parties to a lawsuit generally identify themselves in the pleadings, there are some circumstances that allow a Plaintiff to proceed anonymously. *Compare* Fed. Rule Civ P. 10(a) *with Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) and *Southern*

*Methodist University Ass'n v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979).[1]

Those circumstances include when the Plaintiff shows "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Plaintiff B. v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) *citing Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). "In evaluating whether a plaintiff has shown that [s]he has such a right, the court should carefully review *all* the circumstances of a given case. . ." and determine whether denying the motion would require the Plaintiff "to disclose information of utmost intimacy." *Plaintiff B.*, 631 F.2d at 1316.

This case is closely analogous to and controlled by *Plaintiff B. v. Francis*, 631 F.3d 1310 (11th Cir. 2011) – commonly referred to as the "Girls Gone Wild" case.

In *Francis*, four women sued the defendant for producing, marketing, and selling "Girls Gone Wild" DVDs that showed the women engaging in leud sexual acts prior to their eighteenth birthday. The women used pseudonyms in the complaint and moved to remain anonymous. The Court granted the motion and noted that it would revisit the issue before trial. **That is the exact relief Plaintiff C.B. seeks here**.

---

[1] *Doe v. Stegall* and *Southern Methodist* are both binding on the 11th Circuit pursuant to *Bonner v. City of Prichard*, 661. F.2d 1206 (11th Cir. 1981) (decisions of the fifth circuit before September 30, 1981 are binding precedent on all federal courts within the Eleventh Circuit).

One year later, the plaintiff's filed a motion to preserve their anonymity during trial, but the media intervened and opposed the motion. The district court denied the motion (agreeing with the media) but stayed the case while the Plaintiffs appealed. At this point, the parties had developed a substantial trial court record – **a stage that neither C.B. nor Naseeb Investments have reached here.**

The Court of Appeals for the Eleventh Circuit reversed and held that the record established the potential for harm from disclosure to plaintiffs outweighed the presumption of openness in judicial proceedings and any harm that anonymity might cause the Defendants. *See Plaintiff B. v. Francis, supra.*

## CONCLUSION

For the foregoing reasons, Plaintiff C.B. requests that this Court proceed similarly to the district court in *Francis* and enter an order allowing the Plaintiff to proceed anonymously until further order of this Court so that the parties can establish a record on the issue of whether the potential harm C.B. would suffer from disclosure outweighs the presumption of openness to the public and harm to the Defendant.

This 13th day of October, 2020.

*[Signature on following page.]*

/s/ *Matthew B. Stoddard*
Matthew B. Stoddard, Esq.
Ga. Bar No.: 558215
Janelle E. Zabresky, Esq.
Ga. Bar No.: 385383
THE STODDARD FIRM
1534 N Decatur Road
P: 470-467-2200
F: 470-467-1300
matt@LegalHelpGa.com
janelle@LegalHelpGa.com

**Attorneys for Plaintiff**